FILED
SEP 2 8 2022
U. S. DISTRICT COURT
EASTERN DISTRICT OF MO
ST. LOUIS

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> TINA METROLIS, ) <br> ) <br> Defendant. ) | 4:22-cr-533 AGF/DDN |

## INDICTMENT

The Grand Jury charges that:

### COUNT I
### (Embezzlement and Theft from a Labor Union)

1. From on or about February 2019 through in or about December 2019, in St. Louis, Missouri, within the Eastern District of Missouri, and elsewhere,

**TINA METROLIS,**

the defendant herein, while office manager of Stage and Picture Operators IATSE Local 6, a labor union engaged in an industry affecting commerce, did embezzle, steal and unlawfully and willfully abstract and convert to her own use, the moneys, funds, securities, property, and other assets of said labor organization, in the approximate amount of $25,945.60.

2. Stage and Picture Operators IATSE Local 6 ("Local 6") is a labor union based in St. Louis, Missouri. In 2020, Local 6 represented approximately 167 members who work for various theater production companies serving the greater St. Louis, Missouri region. The Union currently has collective bargaining agreements with approximately 30 employers. These employers are engaged in an industry affecting interstate commerce in that they employ workers

in the theater production trades, including stagehands/technicians working in the areas of entertainment lighting, audio, video, scenic, rigging, and personnel management serving St. Louis, Missouri and venues in the state of Illinois.

3. Metrolis was responsible for the day-to-day management of the union's office, including, but not limited to: maintaining the union's QuickBooks database and their Labor Union Management System; collection of dues payments; preparing bank deposits; and issuing checks for payroll and approved union-related expenditures.

4. As such, Metrolis had access to Local 6's bank account at Enterprise Bank & Trust.

5. Metrolis initiated multiple unauthorized transactions through Local 6's business checking account ending with x6851 at Enterprise Bank & Trust, for her personal benefit.

6. Metrolis endorsed the unauthorized checks written to her and negotiated them through her personal bank account at Regions Bank.

7. Metrolis used IATSE Local 6's checking account to issue checks to herself that were not authorized, approved, or known to Local 6.

8. Metrolis created false union records when she provided the union officers and members with false monthly QuickBooks bank reconciliation records for the monthly Executive Board meetings and membership meetings, respectively, from February 2019 through March 2020, in a conscious effort to deceive the union.

9. Metrolis embezzled approximately **$19,533.59** in union funds when she used IATSE Local 6's checking account to issue checks to herself that were not authorized, approved, or known to Local 6. In addition, Metrolis, who was responsible for making tax-related payments caused the union to incur **$6,412.01** in penalties and interest on tax liabilities that were due and not paid during her time as the office manager of Local 6.

10. From February 4, 2019, through December 15, 2019, Metrolis used IATSE Local 6's checking account to issue checks to herself that were not authorized, approved, or known to Local 6. In addition, Metrolis made entries into Local 6's bookkeeping database that falsely stated amounts of deposits to Local 6's bank account, to conceal her misappropriation.

All in violation of Title 29, United States Code, Section 501(c).

## FORFEITURE ALLEGATION

The Grand Jury further finds by probable cause that:

1. Pursuant to Title 18, United States Code, Sections 981(a) and Title 28, United States Code, Section 2461(c), upon conviction of an offense in violation of Title 29, United States Code, Section 501(c) as set forth in Count(s) 1, the defendant shall forfeit to the United States of America any property, real or personal, constituting or derived from any proceeds traceable to such violations.

2. Subject to forfeiture is a sum of money equal to the total value of any property, real or personal, constituting or derived from any proceeds traceable to said violations, the amount of which is at least $25,945.60.

3. If any of the property described above, as a result of any act or omission of the defendant:

   a. cannot be located upon the exercise of due diligence;

   b. has been transferred or sold to, or deposited with, a third party;

   c. has been placed beyond the jurisdiction of the court;

   d. has been substantially diminished in value; or

   e. has been commingled with other property which cannot be divided without difficulty,

3

the United States of America will be entitled to the forfeiture of substitute property pursuant to Title 21, United States Code, Section 853(p).

A TRUE BILL.

_____<br>FOREPERSON

SAYLER A. FLEMING
United States Attorney


_____
Edward L. Dowd III, #61909(MO)
Assistant United States Attorney